**Byron J. SWAN, Plaintiff–Appellant,**

v.

**T. BANKS; George Smith; C. Cooke; E.V. Rose; P.A. Polan; J.J. King; B. Streeter; Bruce Farris, Defendants–Appellees.**

No. 98–15481.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 16, 1998.[*]

Decided Nov. 25, 1998.

Byron J. Swan, Represa, California, pro se for the plaintiff-appellant.

David M. Verhey, Deputy Attorney General, Sacramento, California, for the defendants-appellees.

Before: FARRIS, BRUNETTI, and SILVERMAN, Circuit Judges.

PER CURIAM.

Byron J. Swan, a California State prisoner, appeals pro se the district court's dismissal of his claim against Corrections Officer Banks. His appeal presents an issue of first impression, whether § 1997e(e) of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(e), applies to an action brought before the enactment of the PLRA. We hold that its application is prospective only and reverse and remand.[1]

## FACTS AND PRIOR PROCEEDINGS

Swan's third amended civil rights complaint, filed in 1994, alleged *inter alia* that

---

**1.** For the reason stated in an unpublished memorandum disposition filed today, we affirm the district court's dismissal of and grant of summary judgment against all of Swan's other claims.

"C/O T. Banks announced over the building intercom that until the inmates in 'C' section did something to inmate Swan, 'C' section was not going to get the fan or anything else. Several inmates started yelling and cussing and they told me (Swan) that I had better do something or lock it up." The defendants' first motion to dismiss this claim on the ground that Swan had failed to allege any harm from the announcement was denied by the district court. The defendants then filed a supplemental motion to dismiss, arguing that the then recently enacted PLRA barred this claim.[2] The district court granted the supplemental motion to dismiss and Swan timely appealed.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction over this appeal under 28 U.S.C. § 1291 and review de novo both the dismissal for failure to state a claim, *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998), and the district court's construction of a statute. *Alexander v. Glickman*, 139 F.3d 733, 735 (9th Cir. 1998).

## ANALYSIS

42 U.S.C. § 1997e(e) provides:

No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

We have not considered whether this section applies retrospectively, but have held that § 1997e(a), which contains nearly identical language, does not apply to actions filed prior to its enactment.[3] *Bishop v. Lewis*, 155 F.3d 1094, 1096 (9th Cir.1998). We see no basis on which to distinguish § 1997e(e) and conclude that the plain meaning of the section is that it applies only to actions that were brought after enactment of the PLRA, and not to actions that had already been filed. We express no view on whether § 1997e(e), if applied prospectively to a claim such as Swan's, would bar such a claim.

2. The PLRA was enacted on April 26, 1996.

3. 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other

## CONCLUSION

We REVERSE and REMAND for further proceedings.

Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."