**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 21 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BOBBY WOODS CRAIG, JR.,

        Plaintiff - Appellant,

        v.

JOHN EBERLY, Sheriff Otero
County,

        Defendant - Appellee,

\----------------------------
UNITED STATES OF AMERICA,

        Intervenor.

No. 97-1308

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D. Ct. No. 95-M-368)**

---

Elizabeth Alexander (Ayesha Khan, on the briefs), ACLU National Prison Project, Washington, DC, appearing for Appellant.

Josh Adam Marks (David R. Brougham and Tracy P. Robinson, with him on the brief), Hall & Evans, Denver, Colorado, appearing for Appellee.

Peter R. Maier, Attorney, Civil Division, United States Department of Justice (Frank W. Hunger, Assistant Attorney General, Henry L. Solano, United States Attorney, and Barbara L. Herwig, Attorney, Civil Division, United States Department of Justice, with him on the brief), appearing for Intervenor.

---

Before **TACHA**, **BRORBY**, and **KELLY**, Circuit Judges.

_____

**TACHA**, Circuit Judge.

_____

Plaintiff Bobby Woods Craig, Jr. appeals the order of the district court dismissing his claim for monetary damages under 42 U.S.C. § 1983 for alleged constitutional deprivations he suffered while a pretrial detainee at the Otero County Jail in LaJunta, Colorado. On appeal, plaintiff argues alternatively that: (1) the district court erred in retroactively applying 42 U.S.C. § 1997e(e), a provision of the Prison Litigation Reform Act ("PLRA") of 1995, to his claim; (2) that even if § 1997e(e) applies to his claim, he has met its requirements; and (3) that if he cannot meet the requirements of § 1997e(e), it is unconstitutional as applied to him. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and, finding § 1997e(e) does not apply retroactively, we reverse the district court's grant of summary judgment.

Background

Mr. Craig claims he was subjected to unconstitutional conditions of confinement while incarcerated at the Otero County Jail. In particular, Mr. Craig alleges that during his time of confinement: (1) he was placed in a cell measuring eleven by fifteen feet with five or six other men for twenty-four hours a day; (2) his bed linens were never cleaned nor exchanged; (3) he was permitted only two

showers a week in an unsanitary shower stall; (4) the sink in his cell was frequently clogged, thereby preventing basic hygiene; (5) his cell had poor ventilation; and (6) he was allowed out-of-cell recreation on only two occasions, causing him to gain weight. Although the parties dispute the relevant period of Mr. Craig's incarceration for the purposes of this suit, it was somewhere between two-and-a-half and six months.

On February 14, 1995, before the passage of the PLRA, Mr. Craig filed a § 1983 claim against the defendant-appellee John Eberly, Sheriff of Otero County, in his individual capacity, and against Otero County. The complaint requests monetary relief in the amount of $500,000 for the "pain and suffering" he endured in Otero County's allegedly "inhumane and unsanitary" jail. On January 19, 1996, Sheriff Eberly filed a Motion to Dismiss or Alternatively Motion for Summary Judgment, arguing that plaintiff's allegations did not establish a constitutional violation and that he was entitled to qualified immunity. The motion was referred to a magistrate judge, who recommended granting partial summary judgment. The district court dismissed the claim against Otero County but rejected the magistrate's recommendation as to Sheriff Eberly and remanded the case back to the magistrate for further discovery and appointment of counsel for the plaintiff. On November 14, 1996, Sheriff Eberly filed a second summary judgment motion which raised the same arguments presented in his first motion

and an additional argument that 42 U.S.C. § 1997e(e), which prohibits prisoners from bringing suits for mental or emotional injury suffered during incarceration without a prior showing of physical injury, barred plaintiff's claim. The district court referred this motion to the magistrate, who recommended that it be denied. The district court rejected the magistrate's recommendation and granted defendant's motion on the grounds that § 1997e(e) barred Mr. Craig's § 1983 claim. This appeal followed.

Standard of Review

We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court. See Byers v. City of Albuquerque 150 F.3d 1271, 1274 (10th Cir.1998). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. See Byers, 150 F.3d at 174.

Although the movant must show the absence of a genuine issue of material fact, he or she need not negate the nonmovant's claim. See, e.g., Jenkins v. Wood, 81 F.3d 988, 990 (10th Cir. 1996). Once the movant carries this burden,

- 4 -

the nonmovant cannot rest upon his or her pleadings, but "must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which [he or she] carries the burden of proof." Id. "The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to create a dispute of fact that is 'genuine'; an issue of material fact is genuine only if the nonmovant presents facts such that a reasonable jury could find in favor of the nonmovant." Lawmaster v. Ward, 125 F.3d 1341, 1347 (10th Cir. 1997).

## I.

This court should not address the constitutionality of 42 U.S.C. § 1997e(e) unless it finds that § 1997e(e) applies retroactively to cases filed prior to the passage of the PLRA. See United States v. Cusumano, 83 F.3d 1247, 1250 (10th Cir. 1996) ("[F]ederal courts should address constitutional questions only when necessary to a resolution of the case or controversy before it."). The issue of whether § 1997e(e) applies retroactively is one of first impression in this circuit.

In general, there is a strong judicial presumption against the retroactive application of new laws to pending cases. See Federal Deposit Insurance Corp. v. UMIC, Inc., 136 F.3d 1375, 1385 (10th Cir. 1998), cert. denied, 67 U.S.L.W. 3105 (U.S. Nov. 2, 1998). Against this backdrop, the Supreme Court, in Landgraf v. USI Film Products, 511 U.S. 244 (1994), and Lindh v. Murphy, — U.S. — , 117 S. Ct. 2059 (1997), established a three-part test for determining whether a

statute may apply retroactively. See UMIC, 136 F.3d at 1385-86. First, the court must determine "whether Congress has expressly prescribed the statute's proper reach." Landgraf, 511 U.S. at 280; accord UMIC, 136 F.3d at 1386. Second, if Congress did not expressly speak to the issue, the court employs normal rules of statutory construction to ascertain the statute's temporal scope. See Lindh, — U.S. at — , 117 S. Ct. at 2063; UMIC, 136 F.3d at 1386. Finally, in situations where statutory interpretation techniques do not answer the question of the statute's temporal scope, the court must consider whether the statute will have a retroactive effect. See Landgraf, 511 U.S. at 280; UMIC, 136 F.3d at 1386. A statute has a retroactive effect if it "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." Landgraf, 511 U.S. at 280. If the court finds that the statute has a retroactive effect, it triggers the traditional judicial presumption against retroactivity and the new law will not be applied to pending cases. See id. Nonetheless, statutes conferring or ousting jurisdiction or involving rules of procedure are generally applied retroactively. See id. at 274-75.

Utilizing the Landgraf/Lindh test, we find that 42 U.S.C. § 1997e(e) cannot be applied retroactively to pending cases. Section 1997e(e) states: "No federal civil action *may be brought* by a prisoner confined in a jail, prison, or other

correctional facility, for the mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C.A. § 1997e(e) (emphasis added). Nowhere in § 1997e(e)'s language is there an express command to apply it retroactively, as is the case with other provisions of the PLRA. See Hadix v. Johnson, 143 F.3d 246, 254 (6th Cir. 1998), cert. granted, 67 U.S.L.W. 2183 (U.S. Nov. 16, 1998) (No. 98-262) (noting that section 802 of the PLRA, 18 U.S.C. § 3626, specifically states that it shall apply to pending cases, whereas section 803(d) of the PLRA, which includes § 1997e(e), does not). Indeed, § 1997e(e) contains neither an express mention of retroactivity nor an effective date. See Thomas v. Hill, 963 F. Supp. 753, 757 (N.D. Ind. 1997); Harris v. Lord, 957 F. Supp. 471, 474 (S.D.N.Y. 1997). Therefore, the first prong of the Landgraf/Lindh test is not satisfied.

We find, however, that the question of § 1997e(e)'s temporal scope can be resolved through normal principles of statutory construction. The plain language of § 1997e(e) compels its prospective application. The language "may be brought" clearly indicates that § 1997e(e) applies only to cases commenced after its enactment, not to those pending at the time. See Swan v. Banks, — F.3d —, 1998 WL 813376, at *1 (9th Cir. Nov. 25, 1998) ("the plain meaning of the section is that it applies only to actions that were brought after enactment of the PLRA"); Friedland v. Fauver, 6 F. Supp. 2d 292, 310 (D.N.J. 1998) ("The plain

language of § 1997e(e) limits its application to the bringing of a civil action in this Court. The language does not authorize or relate to the dismissal of an action or to the entry of summary judgment for defendants in an action that has already been brought."); cf. Bishop v. Lewis, 155 F.3d 1094, 1095-96 (9th Cir. 1998) (interpreting nearly identical language in § 1997e(a) and concluding that its plain meaning made it prospective); Wright v. Morris, 111 F.3d 414, 418 (6th Cir. 1997), cert. denied, 118 S. Ct. 263 (1997) (same). Thus, under the second prong of the Landgraf/Lindh test, we conclude that § 1997e(e) does not apply retroactively.

Our recent decision in Garcia v. Silbert, 141 F.3d 1415 (10th Cir. 1998), bolsters our conclusion regarding the prospective language of § 1997e(e). In Garcia, we held that another provision of the PLRA, 28 U.S.C. § 1915(g), applied prospectively because "the plain language of § 1915(g) restricts a prisoner's ability to '*bring* a civil action or appeal a judgment in a civil action' in forma pauperis." Id. at 1416 (quoting 28 U.S.C. § 1915(g)) (emphasis in original). The language in § 1997e(e) ("no civil action may be brought") is sufficiently similar to that in § 1915(g) ("In no event shall a prisoner bring") that our decision in Garcia virtually compels our conclusion in this case.

Because we find that § 1997e(e) does not apply retroactively to Mr. Craig's § 1983 claim, we need not address the constitutionally of § 1997e(e), its scope, or

whether Mr. Craig has otherwise met its requirements.

II.

Having concluded that § 1997e(e) does not bar Mr. Craig's § 1983 claim, we address the defendant's contention that summary judgment is nonetheless appropriate because plaintiff's claim fails on its merits. The underlying basis of plaintiff's § 1983 claim is that he was subjected to unconstitutional conditions of confinement during his incarceration at the Otero County Jail. Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, see Bell v. Wolfish, 411 U.S. 520, 535 (1979), the Eighth Amendment standard provides the benchmark for such claims. See McClendon v. City of Albuquerque, 79 F.3d 1014, 1022 (10th Cir. 1996). The Eighth Amendment requires jail officials "to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998). To hold a jailer personally liable for violating an inmate's right to humane conditions of confinement, a plaintiff must satisfy two requirements, consisting of an objective and subjective component. See id.

The objective component requires that the alleged deprivation be "sufficiently serious." Wilson v. Seiter, 501 U.S. 294, 298 (1991). Although

what constitutes cruel and unusual punishment under the Eighth Amendment "must draw its meaning from the evolving standards of decency that mark the progress of a maturing society," Rhodes v. Chapman, 452 U.S. 337, 346 (1981) (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958) (plurality opinion)), the Constitution "does not mandate comfortable prisons," id. at 349. To the contrary, jail conditions may be "'restrictive and even harsh'" without violating constitutional rights. Barney, 143 F.3d at 1311 (quoting Rhodes, 452 U.S. at 347). Indeed, "only those deprivations denying the minimal civilized measure of life's necessities . . . are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson, 501 U.S. at 298 (internal quotation marks and citation omitted); accord Farmer v. Brennan, 511 U.S. 825, 834 (1994). This inquiry turns not only on the severity of the alleged deprivations, but also on their duration. See Barney, 143 F.3d at 1311 ("An important factor in determining whether the conditions of confinement meet constitutional standards is the length of the incarceration."). Additionally, when, as in this case, a claim involves numerous alleged inhumane conditions, we must bear in mind that "[s]ome conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise." Wilson, 501 U.S. at 304.

- 10 -

However, "[n]othing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." Id. at 305.

The subjective component requires the jail official to have a "sufficiently culpable state of mind." Id. at 297. In the context of prison-conditions claims, the required state of mind is one of "'deliberate indifference' to inmate health and safety." Farmer, 511 U.S. at 834 (quoting Wilson, 501 U.S. at 302-03). In other words, the jailer is liable only if he or she "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. "It is not enough to establish that the official should have known of the risk of harm." Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998).

As alluded to above, in determining whether a pretrial detainee has sufficiently satisfied the Eighth Amendment standard, it is particularly important to develop an adequate record on factual disputes related to the seriousness and length of the alleged deprivations, for these are essential elements of a conditions of confinement claim. On this record, both of these elements involve disputed issues of fact that preclude summary judgment at this point.

The record indicates that with respect to the nature and seriousness of Mr.

Craig's alleged deprivations, numerous factual issues are disputed. For example, Mr. Craig alleges that he was allowed only two one-hour periods of out-of-cell recreation during his confinement, whereas the defendant argues that each prisoner, including Mr. Craig, was given one hour of outside recreation time per week unless it was too cold. Mr. Craig also claims that the sink in his cell was often clogged, thereby preventing basic hygiene, but the defendant argues that the sink was sufficient for hygiene purposes because it ran clean water and Mr. Craig had access to cleaning supplies.

Perhaps more importantly, the relevant periods of time Mr. Craig was subjected to the alleged unconstitutional conditions of confinement are disputed. Defendant argues that plaintiff's relevant period of incarceration in the Otero County Jail for the purposes of this suit is roughly two-and-a-half months and is comprised of two distinct periods of confinement, February 15, 1994, to March 15, 1994 (4 weeks), and April 15, 1994, to June 3, 1994 (7 weeks). According to defendant, plaintiff spent the period from March 15, 1994, through April 15, 1994, housed at the Centennial Mental Health Facility. Plaintiff, on the other hand, argues that his relevant period of incarceration for the purposes of this suit is approximately six months because he claims he was confined in the Otero County Jail for the entire period from February 15, 1994, through June 3, 1994, and for additional periods between November 1994 and January 1995. The

difference between enduring certain harsh conditions for seven weeks versus six months may be constitutionally significant. Furthermore, it is not clear from the record that all of plaintiff's alleged deprivations lasted the entire period of incarceration. For example, plaintiff claims that his sink was frequently clogged, but stops short of saying that it was *always* clogged. Because these important issues of fact remain in dispute, we conclude that it is premature to grant summary judgment on the merits of this case.

<u>Conclusion</u>

For the above reasons, the order of the district court granting summary judgment in favor of defendant is REVERSED and the case is REMANDED for further proceedings not inconsistent with this opinion.