**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 24 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DON WAYLAND HADDOCK,

Plaintiff-appellant,

v.

RJW INC.; DR. SHAWN NEELY;
RICHARD COFFMAN; OKLAHOMA
COUNTY SHERIFF; OKLAHOMA
COUNTY JAIL,

Defendants-Appellees.

No. 98-6155
(D.C. No. 97-CV-202)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **BARRETT** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Don Wayland Haddock, an inmate proceeding pro se and in forma pauperis, filed a civil rights suit in district court under 42 U.S.C. § 1983, seeking damages for allegedly inadequate medical care and other substandard conditions of confinement.  The district court dismissed plaintiff's complaint pursuant to 28 U.S.C. § 1915A, holding that it failed to state a claim upon which relief may be granted.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

In his complaint, Mr. Haddock, a sixty-three-year-old individual who has undergone cardiac bypass surgery, alleged that the defendants violated his constitutional rights while he was a federal pre-trial detainee at the Oklahoma County Detention Center.  Specifically, he complained of defendants' locking him down twenty-three hours daily without cause; failing to provide prescribed medication, exercise, and low-fat diet; depriving him of frequent showers and clean clothing; failing to assign him to a lower bunk as an accommodation to his age and condition, which resulted in his falling from an upper bunk and breaking his foot; and giving him delayed and unsatisfactory medical treatment for the foot injury.

The district court referred the matter to a magistrate judge.  See 28 U.S.C. § 636(b)(1)(B).  After providing factual information in a  Martinez  report,  see

-2-

Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978), two defendants filed a motion to dismiss. The magistrate judge analyzed plaintiff's claims and recommended dismissal of all claims against all defendants.

Upon plaintiff's objection to the recommendation, the district court conducted a de novo review, adopted the magistrate judge 's recommendation, and dismissed the case pursuant to 28 U.S.C. § 1915A. Plaintiff requested reconsideration of the dismissal. Because the request was filed within ten days of the date judgment was entered, the court treated it as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), concluded that reconsideration was not warranted, and denied the motion. This appeal followed.

We first address defendants' argument that we lack jurisdiction over this appeal because the notice of appeal was filed more than thirty days after entry of the district court's initial order of dismissal. See Fed. R. App. P. 4(a). This argument overlooks the operation of Fed. R. App. P. 4(a)(4), which tolls the time for filing a notice of appeal until the district court rules on a motion for reconsideration filed within ten days of entry of judgment. See Grantham v. Ohio Cas. Co., 97 F.3d 434, 435 (10th Cir. 1996). Plaintiff's appeal is timely.

We review de novo a district court's order dismissing a prisoner's case for failure to state a claim pursuant to 28 U.S.C. § 1915A. See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir.1997); see also Perkins v. Kansas

<u>Dep't of Corrections</u>, No. 98-3005, 1999 WL 33063, at *1 (10th Cir. Jan. 27, 1999) (establishing the de novo standard of review for a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim). [1] Dismissal for failure to state a claim is proper only where, after accepting all factual allegations as true, the "'plaintiff can prove no set of facts in support of his claims that would entitle him to relief.'" <u>Leonhardt v. Western Sugar Co.</u>, 160 F.3d 631, 634 (10th Cir. 1998) (<u>quoting</u> <u>Dill v. City of Edmond</u>, 155 F.3d 1193, 1201 (10th Cir.1998)). We liberally construe a pro se litigants' pleadings, but "this does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).

In <u>Craig v. Eberly</u>, 164 F.3d 490 (10th Cir. 1998), we summarized the applicable standards for constitutional challenges to prison conditions:

> [J]ail officials [must] provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety. To hold a jailer personally liable

---

[1] Three similar statutory provisions direct the district court to dismiss, on its own motion or the motion of a party, a prisoner's civil rights action filed in forma pauperis if the court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A (concerning the screening of prisoner suits "seek[ing] redress from a governmental entity or officer or employee of a governmental entity" to determine if they are subject to dismissal); 28 U.S.C. § 1915(e)(2)(B) (concerning dismissal of in forma pauperis claims); 42 U.S.C. § 1997e(c) (concerning dismissal of prisoner civil rights suits concerning prison conditions).

for violating an inmate's right to humane conditions of confinement, a plaintiff must satisfy two requirements, consisting of an objective and subjective component. The objective component requires that the alleged deprivation be sufficiently serious. . . . [J]ail conditions may be restrictive and even harsh without violating constitutional rights. Indeed, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. . . .

The subjective component requires the jail official to have a sufficiently culpable state of mind. In the context of prison-conditions claims, the required state of mind is one of deliberate indifference to inmate health and safety. In other words, the jailer is liable only if he or she knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. It is not enough to establish that the official should have known of the risk of harm.

Id. at 495-96 (quotations and citations omitted).

Applying these standards, we determine that plaintiff has failed to allege facts demonstrating either the objective or subjective components of a valid claim. Concerning medical care, the record indicates that plaintiff received medical attention for a variety of complaints, including those associated with his heart condition and foot injury. The allegations of denied or delayed treatment implicate only defendants' negligence and do not establish the more culpable state of mind necessary to support a constitutional claim. Similarly, plaintiff's complaints concerning other conditions do not suggest either deprivation of basic necessities or deliberate indifference to plaintiff's health and safety.

The judgment of the district court is AFFIRMED.  Defendants' motion to dismiss is DENIED.  The mandate shall issue forthwith.

Entered for the Court

Bobby R. Baldock
Circuit Judge