**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 19 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL M. FLANERY,

        Plaintiff - Appellant,

v.

DANIELLE WAGNER, individually
and in her official capacity as
activities specialist,

        Defendant - Appellee.

No. 98-3235

(D.C. No. 97-CV-3154)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

Plaintiff-Appellant Michael M. Flanery, appearing pro se, appeals the

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court's entry of summary judgment in favor of Defendant-Appellee Danielle Wagner. Plaintiff initiated this action pursuant to 42 U.S.C. § 1983, alleging that Defendant and other prison officials violated his civil rights by discriminating against him on the basis of race, displaying deliberate indifference to his safety, and promoting a "[r]iotous" atmosphere between black and white inmates. R, Doc. 1 at 2. His claims seem to stem primarily from his allegation that Defendant started or spread a rumor among prison inmates that Plaintiff was a white supremacist and that he had asked for a swastika to use in his religious observances. Plaintiff claimed that by making this alleged statement Defendant violated prison rules and regulations and thereby violated his due process rights. Plaintiff further asserted that, as a result of Defendant's alleged statement, his life is in danger, he has been subjected to threats and questioning by black inmates, and he has suffered adverse psychological effects. Plaintiff sought injunctive and declaratory relief as well as compensatory and punitive damages. In addition to his complaint, Plaintiff submitted three motions for appointment of counsel to the district court. The magistrate judge denied these motions in an Order dated January 28, 1998.

In an Order dated July 31, 1997, the district court granted Plaintiff leave to proceed *in forma pauperis* and dismissed all named defendants except for Defendant Wagner. Additionally, the court ordered prison officials at the Lansing

Correctional Facility to undertake an investigation of the complaint and submit a written report regarding the matters alleged in Plaintiff's complaint pursuant to Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978). Defendant subsequently submitted an answer to Plaintiff's complaint along with a Martinez report. In response, Plaintiff submitted a pleading entitled "Suggestions in Opposition to Defendant[']s Answer," R., Doc. 20, in which he addressed the affirmative defenses asserted by Defendant. Defendant then filed a motion for summary judgment. Plaintiff submitted a response to the summary judgment motion which was accompanied by statements from various inmates with knowledge about his allegations.

The district court granted Defendant's motion for summary judgment on August 11, 1998. According to the court, Plaintiff's claim for money damages was precluded by a provision of the Prison Litigation Reform Act of 1995, which states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The court also held that Plaintiff was not entitled to declaratory or injunctive relief because he presented no evidence that he was likely to suffer future injury as a result of any rumors started or spread by Defendant. Plaintiff timely filed a notice of appeal and the district court granted him leave to proceed on appeal *in*

*forma pauperis.*

On appeal, Plaintiff contends that the district court failed to apply the law and dismissed his complaint on improper reasoning. He also reiterates his claims that Defendant violated his right to due process by acting in deliberate indifference to his safety.

We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court. See Byers v. City of Albuquerque, 150 F.3d 1271, 1274 (10th Cir. 1998). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We view the evidence and the reasonable inferences therefrom in the light most favorable to the nonmoving party. See Byers, 150 F.3d at 1274.

Due to his pro se status, we have construed Plaintiff's complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). This action is subject to the Prison Litigation Reform Act because Plaintiff filed his complaint after its effective date. See Craig v. Eberly, 164 F.3d 490, 494 (10th Cir. 1998) (stating that section 1997e(e) applies to cases commenced after its enactment). Section 1997e(e) of the PLRA requires plaintiffs to make "a prior showing of physical

injury" to maintain a civil action for any mental or emotional injury suffered while in custody. 42 U.S.C. § 1997e(e). Because Plaintiff has not shown that he suffered any physical injury as a result of Defendant's alleged conduct, the district court properly entered summary judgment on his claim for compensatory damages. Cf. Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 807 (10th Cir. 1999) (stating that suits seeking damages for mental and emotional distress "'cannot stand unless the plaintiff has suffered a physical injury in addition to mental or emotional harms'" (quoting Zehner v. Trigg, 133 F.3d 459, 461 (7th Cir. 1997)).

Although Plaintiff also sought punitive damages against Defendant, and although claims for such damages are not necessarily barred by section 1997e(e), see Perkins, 165 F.3d at 808 n.6, punitive damages are available under 42 U.S.C. § 1983 only for conduct which is "shown to be motivated by evil motive or intent[] or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). Plaintiff has made no showing that Defendant's alleged conduct rose to that level in this case. Accordingly, summary judgment was proper in this respect as well.

Additionally, we agree with the district court that Plaintiff is not entitled to declaratory or injunctive relief. Plaintiff presented no evidence that Defendant initiated any rumor. In fact, the statements of Plaintiff's fellow inmates on which

he relies suggest that another inmate may have initiated the rumor.  See R., Doc. 29, 12/10/97 Letter from Frank Bolin to Michael Flanery at 1; 4/26/98 Affidavit of Ricky F. Gregg at 1-2.  Further, although the evidence suggests that Defendant may have confirmed that she had heard a rumor about Plaintiff in response to an inquiry by an inmate, see R., Doc. 32 at 2 n.1, there is nothing in the record to suggest that she told anyone else about the rumors or otherwise spread the rumors among the inmate population.  Because Plaintiff failed to present any evidence supporting his claims, he has not established that Defendant engaged in any conduct for which declaratory or injunctive relief would be available.

If Plaintiff had succeeded in demonstrating that Defendant engaged in conduct for which declaratory or injunctive relief were appropriate, he still would be required to demonstrate the existence of a "'real and immediate threat that he would again' suffer similar injury in the [relatively near] future."  Adarand Constructors, Inc. v. Pena, 515 U.S. 200, 211 (1995).  However, in light of our conclusion that declaratory and injunctive relief are inappropriate in this case, we need not reach the issue of whether Plaintiff has sufficiently demonstrated the existence of a threat of future injury.[1]

_____

[1]In addition, we need not address the thorny issue of whether allegations that a defendant spread rumors that a prisoner is a racist would, standing alone, be sufficient to prove the likelihood of future injury required to state a claim for declaratory or injunctive relief.  In this case, Plaintiff likely would not be entitled to such relief in any event due to his evident success in convincing his fellow

The decision of the United States District Court for the District of Kansas is, therefore, **AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge

---

inmates that he is not a white supremacist.  <u>See</u> R., Doc. 29, 2/2/97 Statement by Frank Bolin at 2; 12/10/97 Letter from Frank Bolin to Michael Flanery at 1.