**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 8 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

PETER JAMES ROBINSON,

        Plaintiff-Appellant,

v.

GARY GIBSON, Warden Of
Oklahoma State Penitentiary; RON
WARD, Warden of Prison-OSP;
JOHN EAST; BESSIE GREENWAY;
NEAMYRA RIDDLE; JAMES
SOCKEY, Unit Manager of the East
Cellhouse; BRENT FATKIN;
DELORES RAMSEY,

        Defendants-Appellees.

Nos. 98-7145, 98-7149, 98-7193
99-7028 & 99-7030
(D.C. No. 96-CV-676-B)
(E.D. Okla.)

ORDER AND JUDGMENT  *

Before **ANDERSON** , **BARRETT** , and **BRISCOE,** Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

In these consolidated appeals, Peter James Robinson, an inmate at Cimarron Correctional Facility in Cushing, Oklahoma, appearing *pro se*, appeals the district court's dismissal of his federal civil rights claim under 42 U.S.C. § 1983. [1] Robinson alleges violations of his Eighth Amendment rights based on the conditions of his confinement while he was incarcerated in the East Cell House (ECH) of the Oklahoma State Penitentiary in McAlester, Oklahoma. After providing factual information in a *Martinez* report, *see Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), the defendants filed a motion to dismiss or, in the

---

[1] We initially questioned whether this court had jurisdiction over Robinson's appeal because it appeared that his motion for reconsideration was not timely filed so as to the toll the time to appeal under Fed. R. App. P. 4(a)(4). The district court dismissed Robinson's complaint on September 11, 1998. Robinson's motion for reconsideration was filed on September 29, 1998; however, it contains a certificate of service indicating that Robinson mailed it on September 25, 1998. Under Fed. R. App. P. 25(a)(2)(C), which was in effect at the time the motion was filed, the motion is considered a timely filing because Robinson, an inmate, deposited it in his prison mail system prior to the expiration of the filing deadline. Thus, the time to appeal the district court's September 11 order was tolled pending disposition of the motion for reconsideration under Rule 4(a)(4). The district court denied the motion for reconsideration in an order entered on October 13, 1998, and Robinson filed timely notices of appeal on October 19 and October 22.

alternative, a motion for summary judgment. The district court dismissed Robinson's claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of frivolous *in forma pauperis* claims); *see also* 42 U.S.C. § 1997e(c) (authorizing dismissal of frivolous prisoner civil rights suits concerning prison conditions). We review the district court's dismissal of the complaint as frivolous under § 1915 for abuse of discretion, *see McWilliams v. Colorado*, 121 F.3d 573, 574-75 (10th Cir. 1997), and we affirm.

Robinson alleges that from August 28, 1996 to November 25, 1996, he was housed under hazardous conditions in the East Cell House. He complains that the roof leaked, portions of the ceiling were beginning to cave in, raw sewage flowed through the area, the electrical wiring was dangerous, and the food was not hot and sometimes contained insects. Robinson also complains that inmates were denied access to the law library and that he was forced to work without pay, while other inmates were paid for their work.

In *Craig v. Eberly*, 164 F.3d 490 (10th Cir. 1998), we summarized the applicable standards for constitutional challenges to prison conditions:

> [J]ail officials [must] provide . . . humane conditions of confinement
> by ensuring inmates receive the basic necessities of adequate food,
> clothing, shelter, and medical care and by taking reasonable measures
> to guarantee the inmates' safety. To hold a jailer personally liable
> for violating an inmate's right to humane conditions of confinement,
> a plaintiff must satisfy two requirements, consisting of an objective
> and subjective component.

The objective component requires that the alleged deprivation be sufficiently serious. . . . [J]ail conditions may be restrictive and even harsh without violating constitutional rights.  Indeed, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  This inquiry turns not only on the severity of the alleged deprivations, but also on their duration.

* * *

The subjective component requires the jail official to have a sufficiently culpable state of mind.  In the context of prison-conditions claims, the required state of mind is one of deliberate indifference to inmate health and safety.  In other words, the jailer is liable only if he or she knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  It is not enough to establish that the official should have known of the risk of harm.

*Id*. at 495-96 (quotations and citations omitted).

Applying these standards, we agree with the district court's conclusion that Robinson has failed to allege facts demonstrating either the objective or subjective components of a valid claim.  Giving the allegations their most liberal construction because Robinson is appearing *pro se*, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), we agree with the district court that Robinson's allegations are vague and conclusory.  In order to state a bona fide claim, even pro se plaintiffs must support their allegations with sufficient facts.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to

-4-

determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This Robinson has failed to do. His allegations are insufficiently specific to indicate either the severity or duration of any alleged deprivations, and none of his allegations establish that he was denied "the minimal civilized measure of life's necessities," or that a responsible official acted with "deliberate indifference" to his health and safety. *Craig*, 164 F.3d at 495.

Robinson asserts that the district court erred by not holding an evidentiary hearing to resolve material issues of facts and by not giving adequate reasons for its dismissal. Contrary to Robinson's contention, the district court did not resolve any factual dispute between the allegations in his complaint and the *Martinez* report, but rather dismissed Robinson's complaint as frivolous because his allegations are vague and conclusory. Thus, the district court was not required to hold an evidentiary hearing. *See* § 1915(e)(2) (requiring a court to dismiss sua sponte any *in forma pauperis* action that is frivolous).

The district court thoroughly discussed Robinson's claims in its order dismissing this action and gave adequate legal and factual reasons for its decision to dismiss the complaint. We find no reversible error in that order. Therefore, we DISMISS this appeal as frivolous under § 1915(e)(2)(B) for substantially the reasons stated by the district court in its order of September 11, 1998. We

-5-

consider the district court's disposition as one "prior occasion" and our dismissal of the frivolous appeal as a second "prior occasion" for purposes of the three-strikes provision set out in 28 U.S.C. § 1915(g).     *See Jennings v. Natrona County Detention Ctr. Med. Facility*   , 175 F.3d 775, 780 (10th Cir. 1999).  We remind Robinson that he remains obligated to pay all installments of the deferred appellate filing fee until it is paid in full.  No exception is made for dismissed appeals.  *See* 28 U.S.C. § 1915(b)(2)   ; *Jennings* , 175 F.3d at 781.

Robinson's February 26, 1999 Motion Requesting That Order Be Sent regarding the duties of the attorney hired to assist inmates at Cimarron Correctional Facility is denied.  We construe Robinson's Objections to the Appellees' Response filed May 27, 1999, as a reply brief.  Appellees' Motion to Strike Appellant's Brief is denied as moot since it requests that they be allowed to file one consolidated brief, which they did on May 17, 1999.

The mandate shall issue forthwith.

Entered for the Court

James E. Barrett
Senior Circuit Judge