**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 3 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LAVOY L. STEVENSON,

      Plaintiff - Appellant,

v.

JOHN WHETSEL, Sheriff;
OKLAHOMA COUNTY
COMMISSIONER,

      Defendants - Appellees.

No. 02-6191
D.C. No. 01-CV-1440-A
(W. D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO** and **O'BRIEN**, Circuit Judges.

      Lavoy L. Stevenson filed this pro se action under 42 U.S.C. § 1983 against

Sheriff John Whetsel and the Board of County Commissioners of Oklahoma

County (the "Board") seeking damages for injuries allegedly sustained due to

prison overcrowding while he was a pre-trial detainee. The district court

---

[*]The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

dismissed the complaint against Whetsel in his personal and official capacity pursuant to Fed. R. Civ. P. 12(b)(6) and against the Board pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Stevenson appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because we agree that Stevenson failed to state a claim upon which relief may be granted, we affirm.

## I

While housed at the Oklahoma County Detention Center, Stevenson fell off the top bunk in his cell in the course of attempting to descend without landing on an inmate sleeping on the floor below. He hit his head on the bottom bunk, causing an injury requiring stitches and staples. Stevenson alleges that the cramped conditions in his cell—housing three inmates in a cell designed for two—caused his injury. Convinced that the injuries he allegedly sustained due to prison overcrowding amounted to a violation of his federal constitutional rights, Stevenson filed a claim under 42 U.S.C. § 1983 seeking damages from Sheriff Whetsel and the Board. Whetsel moved to dismiss Stevenson's complaint, asserting a lack of personal participation and entitlement to qualified immunity.[1]

---

[1] The district court correctly determined that Whetsel was entitled to qualified immunity. Under Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Because there is nothing to suggest that placing three prisoners in

(continued...)

- 2 -

After reviewing the magistrate's recommendation de novo, the district court granted Whetsel's 12(b)(6) motion and dismissed the complaint against the Board pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2]  We review a dismissal for failure to state a claim under Rule 12(b)(6) de novo.  Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 854 (10th Cir. 1996).   Because the language of § 1915(e)(2)(B)(ii) parallels that of Fed. R. Civ. P. 12(b)(6), we also review de novo the district court's dismissal of the complaint against the Board.

## II

While the Due Process Clause of the Fourteenth Amendment guarantees pre-trial detainees humane conditions of confinement, "the Eighth Amendment standard provides the benchmark for such claims."  Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998).   Under Craig, in order to hold a jailer personally liable for an alleged constitutional violation, a plaintiff must satisfy two requirements:  (1)

---

[1](...continued)
a cell designed for two, of itself, violates clearly established constitutional rights, Whetsel is entitled to qualified immunity.

[2]  Stevenson's complaint was also challenged for a failure to exhaust administrative remedies. We need not reach this issue, however, because the district court did not dismiss Stevenson's complaint for lack of exhaustion. Rather, dismissal was based on a failure to state a valid claim for relief under § 1983.  See 42 U.S.C. § 1997e(c)(2) ("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.").

an objective element, requiring that "the alleged deprivation be sufficiently serious" and (2) a subjective element, which "requires the jail official to have a sufficiently culpable state of mind." Id. (quotation omitted). In the prison context, a sufficiently culpable state of mind "is one of deliberate indifference to inmate health and safety." Id. (quotation omitted).

Regarding the objective prong, overcrowding alone is not "sufficiently serious" to establish a constitutional violation. See Rhodes v. Chapman, 452 U.S. 337, 348–49 (1981) (finding that housing two inmates in a cell designed for one does not, without more, violate the Eighth Amendment). "[T]he Constitution does not mandate comfortable prisons. . . ." Id. at 349. "[O]nly those deprivations denying the minimal civilized measure of life's necessities . . . are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (quotation omitted). Stevenson has not demonstrated that placing three inmates in a cell designed for two denied him the minimal civilized measure of life's necessities. He has not alleged that the situation led to "deprivations of essential food, medical care, or sanitation." Rhodes, 452 U.S. at 348. Nor has he alleged facts allowing an inference that conditions rose to the level of "conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Rather, Stevenson's complaint alleges only a discrete incident and what was possibly a temporary state of affairs. "To the

extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes, 452 U.S. at 347. In sum, without more factual support, we are unable to say that placing three prisoners in a cell designed for two, of itself, rises to the level of an Eighth Amendment violation.

Regarding the second element, the subjective prong, Stevenson's complaint is also deficient, for Stevenson has failed to state a claim of deliberate indifference by Whetsel. There is nothing in the record to suggest that prison officials were aware that placing three prisoners in a cell designed for two created excessive risks to inmate safety but nevertheless disregarded the possible risks. Farmer, 511 U.S. at 837. Having failed to allege facts to support the necessary objective and subjective elements, Stevenson has failed to state a claim of a constitutional violation.

Claims against Whetsel in his official capacity or against the Board are the equivalent of an action against the county itself. See Lopez v. LeMaster, 172 F.3d 756, 762 (10th Cir. 1999). To create liability under § 1983, Stevenson would have to establish: (1) that a constitutional violation occurred and (2) that some official policy or custom was the moving force behind the violation. City of Oklahoma City v. Tuttle, 471 U.S. 808, 820 (1984). Because Stevenson has failed to state a claim of a constitutional violation, there can be no liability against

Whetsel in his official capacity or against the Board. However, even if Stevenson had alleged facts to support a claim of a constitutional violation, he has not alleged any facts to support a claim that his injuries resulted from an unconstitutional policy or custom. Watson v. City of Kansas City, 857 F.2d 690, 695 (10th Cir. 1988). Thus, Stevenson's claim against Whetsel in his official capacity and against the Board fails to state a claim upon which relief may be granted.

## III

Measured by these standards, none of the alleged facts suggest the occurrence of a constitution violation. Thus, Stevenson has failed to state a claim upon which relief may be granted. We conclude that the district court properly dismissed Stevenson's complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii). The order of the district court is **AFFIRMED**. Stevenson's motion to proceed without prepayment of fees is **GRANTED**. Stevenson is reminded that he must make partial payments until the filing fee is paid in full. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge