**FILED**
United States Court of Appeals
Tenth Circuit

**August 7, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
—————————————————

JOHN STOOPS,

    Plaintiff - Appellant,

v.

CHARLENE LARSON; BRITTANY
DOWIS; GRACE L. KIER; LORI
HOLTER; CORRECTIONAL HEALTH
PARTNERS; MARY MARGARET; D.
TOWNE; WILLIAM SHERWOOD, JR.,

    Defendants - Appellees.

No. 20-1065
(D.C. No. 1:17-CV-01362-RM-NRN)
(D. Colo.)

—————————————————

**ORDER AND JUDGMENT**[*]
—————————————————

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.[**]
—————————————————

Plaintiff-Appellant John Stoops, an inmate appearing pro se, appeals from the

district court's final judgment granting summary judgment to various defendants and

closing the case. In his civil rights complaint pursuant to 42 U.S.C. § 1983, Mr.

Stoops alleged that the defendants violated his Eighth Amendment rights by

———————————

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.
    [**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

providing delayed and inadequate medical care after he fractured his hip on June 9, 2015. Mr. Stoops received a replacement hip on June 16, 2015. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**Background**

Mr. Stoops suffered an epileptic seizure that caused him to fall and fracture his hip. Emergency medical responders transported him to the medical services clinic in a wheelchair, but the nurses ultimately sent him back to his living unit without further treatment. Mr. Stoops endured serious pain for the next four days but otherwise went about his days as normal. He alleges the injury in his hip was minor when he fell and became far more serious as he walked about without treatment. He complains that treatment was delayed after he was transported to the Denver Health Medical Center on June 13, 2015, and that physical therapists there further damaged his hip when they attempted to treat it. He contends that a correctional officer should have intervened.

Mr. Stoops filed his complaint against employees of the Colorado Department of Corrections and others, including four nurses and one correctional officer. The district court reviewed the complaint and dismissed several claims against various defendants including Lt. William Sherwood. After reviewing a third amended complaint, a magistrate judge issued a report recommending that the court grant the motion to dismiss filed by two defendants (Mary Margaret Towne and Correctional Health Partners). The district court accepted and adopted the recommendation over

2

Mr. Stoops's objection. The remaining defendants (Charlene Larson, Brittany Dowis, Grace Kier, and Lori Holter, all nurses) moved for summary judgment, which the district court granted on the grounds of failure to exhaust administrative remedies, a lack of evidence demonstrating an Eighth Amendment violation, and qualified immunity.

On appeal, Mr. Stoops complains about the process and argues that the district court erred (1) in dismissing Lt. Sherwood as a defendant because he should have intervened to prevent injury caused by physical therapists, (2) in granting summary judgment in favor of nurses Larson, Dowis, Kier, and Holter based on a failure to exhaust administrative remedies (Mr. Stoops admits his grievance was untimely) and on the merits, and (3) in dismissing the physical therapists (Jane Doe and Mary Margaret Towne).

## Discussion

The district court did not err in dismissing Lt. Sherwood. Aplees. Supp. App. 31. The Eighth Amendment prohibits deliberate indifference to an incarcerated person's serious medical needs, which includes intentional denial or delay of medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To make an Eighth Amendment claim, the plaintiff must show both an objectively serious medical condition and subjective deliberate indifference on the part of a defendant. Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998). Mr. Stoops alleged that Lt. Sherwood was aware of his condition, and present (and laughing) while the physical therapists were treating

3

him. 1 R. 404, 406. Although he contends that Lt. Sherwood should have intervened, no facts alleged suggest that Lt. Sherwood had any control over the physical therapists, let alone any role in denying, delaying, or interfering with treatment. See Estelle, 429 U.S. at 104–05. In these circumstances, exercising de novo review, we conclude that the claim is not plausible given the high hurdle of proving deliberate indifference to serious medical needs. Ashcroft v. Iqbal, 556 U.S. 662, 679–81 (2009) (plausibility standard).

In granting summary judgment in favor of nurses Larson, Dowis, Kier, and Holter, the district court held that Mr. Stoops had failed to exhaust his administrative remedies (an affirmative defense) because his grievance was untimely. 2 R. 130–31; see 42 U.S.C. § 1997e(a); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). In the alternative, the district court held that Mr. Stoops had not demonstrated deliberate indifference to serious medical needs. 2 R. 132 ("[T]he gist of Plaintiff's claims is that Defendants should have done more at SCF to diagnose and treat his hip. But viewing the record in the light most favorable to Plaintiff, he has shown, at most, that Defendants may have been negligent in their diagnoses and treatment."); see Estelle, 429 U.S. at 105. The district court also determined that absent a constitutional violation, these defendants were entitled to qualified immunity. 2 R. 130–31.

Exercising de novo review, we affirm the district court's judgment regarding these defendants on the grounds that Mr. Stoops (1) has not demonstrated that prison officials acted in such a way that rendered his administrative remedies unavailable;

4

and (2) that ignorance of the law generally does not excuse late filing. See Marsh v. Soares, 223 F.3d 1217, 1221 (10th Cir 2000). We do note that such a dismissal is without prejudice.

Finally, regarding the dismissal of the physical therapists, Mr. Stoops failed to timely object to the magistrate judge's May 15, 2019, report and recommendation, which contained an explicit notice of the need to timely object within 14 days and the consequences of not doing so. I R. 670. Although Mr. Stoops contended that his objections were timely, they were not: his objections were dated June 4, 2019 (one day after the period would have run assuming three days mailing, see Fed. R. Civ. P. 6(d)), and filed June 7, 2019. I R. 679, 683. Defendant Towne pointed out that a party has only 14 days to object, I R. 688, but the district court resolved the objections on the merits. I R. 699. In this circuit, we have a "firm waiver rule" that a failure to object waives factual and legal objections. See Duffield v. Jackson, 545 F.3d 1234, 1237 (10th Cir. 2008). Although there is an "interests of justice" exception, we are not persuaded it applies here.

AFFIRMED. We GRANT the motion to appear IFP and remind Mr. Stoops that he is obligated to continue making partial payments until the entire fee has been paid.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge


5