**Stephen BISHOP, Plaintiff–Appellant,**

v.

**Samuel A. LEWIS, Defendant–Appellee.**

**No. 95–15035.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 16, 1998.

Decided Sept. 9, 1998.

Joyce Tom, Smith & Wong, Kentfield, California, for plaintiff-appellant.

Lorrie L. Luellig, Assistant Attorney General, for amicus curiae the State of Arizona.

Before: REINHARDT, NOONAN, and THOMPSON, Circuit Judges.

REINHARDT, Circuit Judge.

In March of 1994, Arizona inmate Stephen Bishop filed a § 1983 complaint regarding prison conditions, which was dismissed by the district court later that year. We first address the question whether the new exhaustion requirement of the Prison Litigation Reform Act (PLRA) applies retrospectively to cases brought prior to its enactment on April 26, 1996. We conclude that it does not.[1] We then consider whether the district court's dismissal of Bishop's complaint for failure to comply with the former exhaustion requirement was proper. Again, we answer the question in the negative.

## I.

When Bishop filed his complaint, 42 U.S.C. § 1997e(a) allowed a district judge some discretion to stay a prisoner's action so that the prisoner could exhaust his administrative remedies. The PLRA amended the section to read as follows:

> No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (West Supp.1996).

Whether the amended 1997(e) applies retrospectively is a question of first impression in this Circuit.[2] The answer, however, is simple. The amended section provides that "[n]o action *shall be brought* with respect to prison conditions ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). A plain reading of the section makes it clear that it applies only to actions that have yet to be brought—not to ones that have already been filed. *See Wright v. Morris*, 111 F.3d 414, 418 (6th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 263, 139

---

**1.** Bishop appealed pro se the dismissal of his complaint for failure to exhaust his internal prison remedies. The district court applied the statute in effect prior to the PLRA. A screening panel of this court appointed counsel for Bishop and directed her to brief, inter alia, the question whether the exhaustion requirement of the PLRA applies retrospectively. The State of Arizona filed an amicus brief but took no position on the issue in its brief.

**2.** The Sixth Circuit has held that the amended § 1997e(a) does not apply retrospectively in *Wright v. Morris,* 111 F.3d 414 (6th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 263, 139 L.Ed.2d 190 (1997).

L.Ed.2d 190 (1997) (finding Section 1997e(a) expressly to "govern the bringing of new actions, not the disposition of pending cases"). In *Canell v. Lightner*, we determined that nearly identical language in a different PLRA provision showed that Congress intended that it not apply to pending cases. 143 F.3d 1210, 1212 (9th Cir.1998) (concluding that 28 U.S.C. § 1915(g) does not apply retrospectively).[3] Because "Congress has prescribed the statute's proper reach," *Jeffries v. Wood*, 114 F.3d 1484, 1494 (9th Cir.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 586, 139 L.Ed.2d 423 (1997), we hold that § 1997e(a), as amended by the PLRA, does not apply to actions filed prior to its enactment.

## II.

On August 26, 1994, the district court dismissed Bishop's complaint because he failed to comply with the court's order of April 15, 1994, which required him to exhaust his internal prison remedies and to file with the court a "Notice of Exhaustion of Administrative Remedies" form (the "Form") along with a copy of all documents relating to the grievance.[4] The complaint alleged that the air in the prison was unhealthy and that the prison's ban on fans exacerbated the health hazard. In his motion for reconsideration, Bishop referred to a petition for writ of mandamus that was pending before the same district judge. Bishop had filed the petition on May 2, 1994, just over two weeks after the court's April 15 order. Of particular import, in his motion Bishop referred to and described two documents that were attached to his mandamus petition: 1) a copy of a grievance he filed with prison officials on March 6, 1994 regarding the problems involving unhealthy air; and 2) a copy of the appeal he filed on April 17, after the prison apparently failed to respond to the grievance. Bishop also contended in those papers that he had

not received a response to his internal appeal. He now appeals to this court both the dismissal of the complaint and the denial of the motion for reconsideration. We apply an abuse of discretion standard in reviewing the district court's orders. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992); *United States v. Nutri–cology, Inc.*, 982 F.2d 394, 397 (9th Cir.1992).

The facts in this case simply do not show the kind of conduct by a pro se litigant that warrants the dismissal of a civil rights complaint. Shortly after the court issued its order requiring exhaustion, Bishop filed his mandamus petition, attaching a copy of his grievance and his appeal. Further, the petition contended that the prison had failed to respond to his efforts to exhaust his internal remedies, had a practice of delaying meritorious grievances, and failed to meet the standards for grievance procedures required by the then applicable statute. Under the circumstances, Bishop's failure to file the Form was understandable—he had already filed with the court a petition showing that he had unsuccessfully attempted resolution of his complaint through the grievance procedure. Moreover, neither of the two choices on the Form was appropriate to his situation. The first, stating that he had "[e]xhausted all available administrative remedies," was inaccurate, given that his appeal had not been answered and that it seemed improbable that it would ever be processed. The second choice, that a satisfactory solution had been reached, simply was not true.

Both because Bishop substantially complied with the exhaustion requirement in the order and because his failure to submit the Form was not willful or unreasonable, his actions simply do not constitute non-compliance for purposes of Fed.R.Civ.P. Rule 41(b). We therefore hold that the district court

---

**3.** The section at issue in *Canell* provided:

> In no event *shall a prisoner bring a civil action* or appeal a judgment in a civil action or proceeding under this action if the prisoner [has already brought three frivolous appeals].

28 U.S.C. § 1915(g) (West Supp.1996). There is little, if any, distinction between the wording of the provision at issue in this case and that in *Canell*.

**4.** The April 15 order was issued pursuant to the pre-PLRA 42 U.S.C. § 1997e(a) (1994), which allows a district court to continue a case in order to require exhaustion if doing so "would be appropriate and in the interests of justice" and if the available internal remedies meet certain minimum standards. While Bishop asserts that Arizona's internal prison remedies did not meet the applicable standard, our resolution of other issues makes it unnecessary to decide that question.

abused its discretion in dismissing the complaint and reverse the dismissal so that Bishop may proceed with his action.[5]

REVERSED AND REMANDED.

5. For purposes of this opinion, we consider the appeals from the order of dismissal and the order denying reconsideration together. Reversal of either one is sufficient to warrant the relief we grant here.