**Luis ROSALES, Plaintiff,**

v.

**Thomas A. COUGHLIN, et al., Defendants.**

**No. 94–CV–6009L.**

United States District Court, W.D. New York.

June 4, 1999.

Luis Rosales, Elmira, NY, pro se.

Mary H. Doyle, New York State Attorney General's Office, Department of Law, Rochester, NY, for defendants.

*DECISION AND ORDER*

LARIMER, Chief Judge.

This is an action under 42 U.S.C. § 1983 brought by plaintiff Luis Rosales, who appears *pro se.* Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that while he was confined at Attica Correctional Facility ("Attica"), defendants violated his rights under the Eighth Amendment to the United States Constitution by displaying deliberate indifference to his serious medical needs, particularly

with respect to plaintiff's need for a cane to assist him in walking due to back and leg problems.

The facts of this case are fully set out in a Decision and Order of this court entered on June 11, 1998, familiarity with which is assumed. *Rosales v. Coughlin*, 10 F.Supp.2d 261 (W.D.N.Y.1998). That decision granted summary judgment in favor of eleven of the original fourteen defendants, and denied defendants' motion for summary judgment as to the remaining three defendants. Those three defendants—Sticht, Monin and Witkowski—have now renewed their motion for summary judgment. Plaintiff has also renewed his cross-motion for summary judgment, his previous motion having been denied in the June 11 order.

■ Both motions are denied. In my June 11 Decision and Order, I held that issues of fact existed as to whether Witkowski was deliberately indifferent to plaintiff's serious medical needs, and whether Sticht and Monin were aware of Witkowski's actions but refused to intervene. Those issues remain. Although defendants have now submitted affidavits by all three of these defendants, which they failed to do on the previous motion, all that those affidavits do is contradict plaintiff's allegations, which are in several respects corroborated by plaintiff's witnesses. The resolution of these issues is therefore dependent upon credibility assessments, which cannot be made on a motion for summary judgment. *See Agosto v. INS*, 436 U.S. 748, 756, 98 S.Ct. 2081, 56 L.Ed.2d 677 (1978) ("a district court generally cannot grant summary judgment based on its assessment of the credibility of the evidence presented").

Defendants have also submitted an affidavit of David O'Connell, M.D., the Regional Medical Director for DOCS, who was the Facility Health Services Director at Attica during the relevant time period. Based on his personal knowledge and on plaintiff's medical records, Dr. O'Connell opines that plaintiff did not have a medical

need to use a cane, and that plaintiff's back and leg pain did not amount to a serious medical problem. He further states that plaintiff's cane was properly confiscated from him on one occasion because plaintiff had not been issued a permit to possess a cane, and that Dr. O'Connell later did issue a permit to plaintiff solely "as a precautionary measure." Affidavit of David O'Connell, M.D., sworn to Aug. 14, 1998, ¶ 24.

These statements, while clearly relevant at a trial, again cannot erase the issues of fact that exist here. Plaintiff insists that he was in severe pain during this period, and that it was apparent to Witkowski that plaintiff needed the cane. Although a jury might find Dr. O'Connell's opinion persuasive, it is not necessarily conclusive, and a jury could conclude from all the evidence that plaintiff was in acute pain, that his pain was obvious to Witkowski, and that Witkowski ignored or even exacerbated plaintiff's pain by seizing his cane. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions"). As for plaintiff's lack of authorization to possess the cane, I also note that plaintiff alleges that one of the occasions when Witkowski took his cane occurred after Dr. O'Connell issued the permit.

I also reject defendants' contention that the they are entitled to summary judgment based upon their qualified immunity. The Second Circuit has held that where factual disputes exist, a court cannot resolve the question of qualified immunity without engaging in some weighing of the evidence, a function that falls within the province of the jury. *Posr v. Doherty*, 944 F.2d 91, 95–6 (2d Cir.1991); *Calamia v. City of New York*, 879 F.2d 1025, 1035–36 (2d Cir.1989). Plaintiff's right to be free from deliberate indifference to his serious medical needs was clearly established at the time of the events in question, and if

the jury in this case were to give credence to plaintiff's version of the facts, the jury could well find that defendants knowingly violated that right.

Defendants also argue that the complaint should be dismissed because plaintiff had not exhausted his administrative remedies at the time that he filed his complaint, since he filed his administrative complaint on January 27, 1994, three weeks after he commenced the instant action. Defendants also contend that plaintiff's administrative complaint did not contain all of the allegations contained in his supplemental complaint in this action, and that the supplemental complaint was not personally served on defendants.

■ These arguments warrant little discussion. First, although 42 U.S.C. § 1997e(a) currently provides that no prisoner may commence a § 1983 action until he has exhausted his administrative remedies, that language was added to the statute by a September 13, 1994 amendment, which Congress provided was to "take effect on the date of enactment" of the amendment. Act Sept. 13, 1994, P.L. 103–322, Title II, Subtitle D, § 20416(b), 108 Stat. 1834. That amendment has been held not to apply retroactively. *See Bishop v. Lewis*, 155 F.3d 1094, 1095–96 (9th Cir.1998); *Wright v. Morris*, 111 F.3d 414, 423 (6th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 263, 139 L.Ed.2d 190 (1997); *Woods v. Fitzpatrick*, No. 96 CIV. 1120, 1999 WL 221108, at *4 (S.D.N.Y. Apr. 14, 1999).

■ At the time that plaintiff filed this action, § 1997e(a) provided that in a § 1983 action brought by an inmate, "the court shall, if the court believes that such a requirement would be appropriate and in the interests of justice, continue such case for a period of not to exceed ninety days in order to require exhaustion of such plain, speedy, and effective administrative remedies as are available." In the case at bar, such a requirement would not only be inappropriate, it would be futile. Plaintiff's

administrative proceedings were terminated (adversely to plaintiff) over five years ago. *See* Defendants' Motion for Summary Judgment Ex. M. Moreover, since the DOCS grievance program does not specifically provide for monetary damages such as those sought here, the administrative procedure could not provide all of the relief plaintiff seeks here, and exhaustion would not be appropriate. *Woods,* 1999 WL 221108 *5.

Defendants' contention that plaintiff's administrative grievance did not raise all of the allegations contained in the supplementary complaint fails to identify any such issues, and I find that the allegations of the supplementary complaint are sufficiently encompassed by those in his grievance. I also find that defendants have waived any objections based upon lack of personal service. *See Kidder, Peabody & Co. v. Maxus Energy Corp.,* 925 F.2d 556, 562 (2d Cir.), *cert. denied,* 501 U.S. 1218, 111 S.Ct. 2829, 115 L.Ed.2d 998 (1991); *Datskow v. Teledyne, Inc.,* 899 F.2d 1298, 1302 (2d Cir.), *cert. denied,* 498 U.S. 854, 111 S.Ct. 149, 112 L.Ed.2d 116 (1990).

As for plaintiff's cross-motion for summary judgment, I find, as I did in my prior summary judgment decision, that the same issues of fact that preclude summary judgment for defendants do so as well for plaintiff. Based on the record before me, whether defendants violated plaintiff's rights is a question that can only be decided by a jury.

## CONCLUSION

Defendants' motion for summary judgment (Item 83) and plaintiff's cross-motion for summary judgment (Item 88) are both denied.

IT IS SO ORDERED.