**Frederick Wayne SMITH,
Plaintiff–Appellant,**

v.

**George SMITH, Warden; et al.,
Defendants–Appellees.**

No. 00–16576.

D.C. Nos. CV–96–5419–OWW,
CV–96–6202–OWW.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 20, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

### MEMORANDUM**

Frederick Wayne Smith, a California state prisoner, appeals pro se the judgment of the district court granting defendants' motion for judgment on the pleadings on Smith's consolidated civil rights complaints. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo.

---

* The panel unanimously finds this case suitable for decision without oral argument and denies Smith's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*Nelson v. City of Irvine,* 143 F.3d 1196, 1200 (9th Cir.1998). We affirm.

 Because Smith filed his complaint in CV–96–5419 prior to the enactment of the Prison Litigation Reform Act, he was not required to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a), and the district court properly concluded that Smith's claims were time-barred. *See Bishop v. Lewis,* 155 F.3d 1094, 1096 (9th Cir.1998) (holding PLRA's exhaustion requirement not retroactive); *see also Fink v. Shedler,* 192 F.3d 911, 914 (9th Cir.1999) (holding applicable statute of limitations is one year).

 With respect to CV–96–6202, the district court properly dismissed Smith's Eighth Amendment claim. *See Edwards v. Balisok,* 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (concluding § 1983 claim not cognizable where it necessarily implies the invalidity of prison disciplinary proceeding). The district court properly dismissed the vague and conclusory supervisory liability and conspiracy claims against Warden Smith. *See Burns v. County of King,* 883 F.2d 819, 821 (9th Cir.1989) (per curiam); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989). Because Smith's claims regarding disposition of his property did not rise to the level of a constitutional violation, the district court properly dismissed these claims. *See Barnett v. Centoni,* 31 F.3d 813, 816–17 (9th Cir.1994). To the extent that Smith alleged that prison officials destroyed his property to impede his access to the courts, Smith failed to allege that he suffered actual injury as a result. *See Lewis v. Casey,* 518 U.S. 343, 348–49, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Smith's remaining contentions lack merit.

AFFIRMED.