**Anthony WILLIAMS, Plaintiff—Appellant,**

v.

**CLARK COUNTY; et al., Defendants—Appellees.**

No. 03–17386.

United States Court of Appeals, Ninth Circuit.

Submitted: May 9, 2005.*

Decided: May 13, 2005.

Anthony Williams, Norco, CA, pro se.

Peter M. Angulo, Esq., Rawlings Olson Cannon Gormley & Desruisseaux, Las Vegas, NV, for Defendants–Appellees.

Appeal from the United States District Court for the District of Nevada, Larry R. Hicks, District Judge, Presiding. D.C. No. CV–02–00262–LRH.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM **

Anthony Williams, a Nevada state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action challenging the conditions of his confinement in the Clark County Detention Center. We have jurisdiction under 28 U.S.C.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 1291. We review for abuse of discretion a district court's dismissal for failure to comply with court orders and procedural rules. *Bishop v. Lewis,* 155 F.3d 1094, 1096 (9th Cir.1998); *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir.1995). We affirm.

The district court did not abuse its discretion by dismissing Williams's action because he repeatedly failed to comply with court orders and the rules of procedure requiring him to serve defendants with all address changes and motions, and he failed to file a timely opposition to defendants' motions to dismiss. *See* Fed. R.Civ.P. 41(b) (allowing dismissal of an action for "[f]ailure of the plaintiff to prosecute or to comply with these rules or any order of court"); Fed.R.Civ.P. 5 (requiring service of pleadings and other papers); D. Nev. Local Special R. 2–2 (requiring service of any address change and warning that "[f]ailure to comply with this rule may result in dismissal of the action with prejudice").

Although Williams is a pro se litigant, he is required to comply with the rules of procedure, and the district court properly dismissed his action when he ignored court orders directing him to do so. *See Ghazali,* 46 F.3d at 54; *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir.1992) ("District courts have the inherent power to control their dockets and, ... they may impose sanctions including, where appropriate, ... dismissal of a case.") (internal quotation omitted).

Williams's motion for a status report is denied as moot.

AFFIRMED.