**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 19, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BOBBY BRUCE WHITE,

      Plaintiff - Appellant,

v.

KANSAS DEPARTMENT OF
CORRECTIONS; RAY ROBERTS; V.
BRUNGARDT, Secretary of
Corrections Designee, Kansas
Department of Corrections;
DOUGLAS BURRIS, Secretary of
Corrections Designee, Kansas
Department of Corrections; REX
PRYOR, Warden, Lansing
Correctional Facility; JAMES
HEIMGARTNER, Warden, El Dorado
Correctional Facility; MYRON
ALFORD, Unit Team Manager,
Lansing Correctional Facility; FNU
NANCE, Unit Team Manager, Lansing
Correctional Facility; FNU
ANDERSON, Correctional Counselor,
Lansing Correctional Facility; FNU
SKIDMORE, Correctional Counselor,
Lansing Correctional Facility; FNU
WATSON, Unit Team Manager, El
Dorado Correctional Facility; FNU
HISOR, Correctional Counselor,
Lansing Correctional Facility; FNU
THOMAS, Correctional Counselor,
Lansing Correctional Facility,

      Defendants - Appellees.

No. 14-3205
(D.C. No. 5:14-CV-03004-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

Pro se[1] prisoner Bobby Bruce White sued Kansas Secretary of Corrections Ray Roberts, the Kansas Department of Corrections ("KDOC"), and several correctional employees (collectively, "Defendants"), bringing claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. The district court dismissed Mr. White's amended complaint and denied his various motions, including one for an injunction regarding medical care, but it permitted him to file a second amended complaint addressing the adequacy of medical care he has received while in custody. Mr. White now challenges the

[*] After examining the briefs and appellate record, this panel has decided unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. White appears pro se, we afford his filings a liberal construction. *See Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010); *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

district court's denial of injunctive relief,[2] requests a certificate of appealability ("COA"), and seeks leave to proceed *in forma pauperis* ("IFP") on appeal. Exercising jurisdiction under 28 U.S.C. § 1292(a)(1), we **affirm** the district court's denial of injunctive relief, **dismiss** Mr. White's application for a COA, and **deny** leave to proceed IFP.

# I

Mr. White is presently incarcerated within the KDOC, where he is serving a sentence for murder in the first degree. He alleges numerous health impediments, including "carcinoma . . . , diagnosis of chronic Bipolar 1 disorder, and physical impairment [brought on by a] leg injury." R. at 57 (Am. Compl., filed Feb. 18, 2014). In addition, he asserts that he has been "committed" to various correctional mental-health facilities for "chronic care." *Id.*

In January 2014, Mr. White filed a lawsuit in the United States District Court for the District of Kansas. On initial screening pursuant to 28 U.S.C. § 1915A(a), the district court ordered Mr. White to submit an amended complaint containing specific facts to support each of his claims.

---

[2]    In his notice of appeal, Mr. White indicated that he also sought to challenge rulings other than the district court's denial of injunctive relief. We may only exercise jurisdiction over final orders, *see* 28 U.S.C. § 1291, and certain interlocutory and collateral orders—notably, including orders denying motions for preliminary injunctions, *see id.* § 1292(a); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). These additional rulings fall outside the scope of our appellate jurisdiction, so we do not address them.

Mr. White did file an amended complaint in February 2014. The specific claims advanced in his amended complaint were: (1) that Defendants violated his rights under the ADA and the Eighth and Fourteenth Amendments to the Constitution by "discrimination and lack of enforcement and/or making policy to protect prisoners it has deemed as mentally ill," R. at 60; (2) that his constitutional rights were violated when another prisoner stole his property; (3) that KDOC officials were deliberately indifferent to prisoners, and recklessly and maliciously harassed them; (4) that KDOC officials were deliberately indifferent to him by failing to identify officers who allegedly assaulted him during a March 2013 cell extraction; (5) that he received inadequate medical care for injuries he sustained during that cell extraction and experienced cruel conditions when "held in isolation" afterward, *id.* at 62; and (6) that Defendants violated his constitutional rights by failing to expedite his administrative grievances.[3]

Approximately one week after submitting his amended complaint, Mr. White filed a document styled "Injunction for Medical Relief," claiming "excruciating" and "chronic" ankle and leg pain and asking the district court to

---

[3] Liberally construing the language of the amended complaint, as germane here, Mr. White appears to be seeking injunctive relief from the individual Defendants in their official capacities. This category of action has a solid footing in the law. *See Roe No. 2 v. Ogden*, 253 F.3d 1225, 1233 (10th Cir. 2001) ("An individual may bring an ADA or § 1983 action against a state official in federal court for injunctive relief . . . ."); *see also Branson Sch. Dist. RE-82 v. Romer*, 161 F.3d 619, 631 (10th Cir. 1998) ("[A] suit against a state official in his or her official capacity seeking prospective injunctive relief is not . . . a suit against the state for Eleventh Amendment purposes.").

4

order Secretary Roberts, as principal administrator of KDOC, to refer him to a "doctor of specialized medical care." *Id.* at 94–95 (Inj. Mot., filed Feb. 26, 2014); *see id.* at 97 (Ex. A to Inj. Mot.) ("The Principal Administrator should have provided me with a doctor for treatment and pain relief.").

The district court ruled on all of Mr. White's claims for relief in a single order on September 16, 2014, and did not enter final judgment. As relevant here, it concluded that Mr. White's claims under the ADA (and, liberally construed, under the Rehabilitation Act as well) failed to state a claim for relief. It likewise found that Mr. White's remaining claims, construed as arising under 42 U.S.C. § 1983, should be dismissed with one exception: his claim asserting inadequate medical care following his March 2013 cell-extraction injuries. With regard to that claim, the court granted Mr. White an additional opportunity to amend his complaint to explain the alleged constitutional violation and his theory of causation. The court set a deadline of October 16, 2014, to present a second amended complaint concerning only the claim of constitutionally insufficient medical care, noting that failure to amend would subject that claim to dismissal. Further, ostensibly in light of its conclusion that Mr. White had deficiently pleaded his medical-care claim, the court denied his motion for injunctive relief.

Mr. White did not file a second amended complaint. Instead, on September 30, 2014, he filed a notice of interlocutory appeal. His briefing before us is styled as a "combined opening brief and application for a certificate of appealability."[4] Aplt. Combined Opening Br. at 1 (capitalization altered).

## II

### A

Liberally construing Mr. White's "Injunction for Medical Relief" as a motion for a preliminary injunction, we review the district court's denial of such relief for an abuse of discretion. *See Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). This standard generally militates in favor of affirmance. *See RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (noting that the hurdle to demonstrate an abuse of discretion is "high"). Indeed, we have explained that "[a]n abuse of discretion occurs only when the trial court bases its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling." *Wilderness Workshop v. U.S. Bureau of Land Mgmt.*, 531 F.3d 1220, 1223–24 (10th Cir. 2008) (internal quotation marks omitted); *see Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1205–06 (10th Cir. 2003) ("We have previously described abuse of discretion as an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." (internal quotation marks

---

[4] In his opening brief, Mr. White also asks us to appoint him counsel. Because we affirm the district court, under the circumstances of this case, we deny this request as moot.

omitted)).  In our review, "we consider the merits of the case only as they affect th[e court's] exercise of discretion," and we "examine the district court's legal determinations de novo[] and its underlying factual findings for clear error." *Att'y Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009).

**B**

The relief requested in Mr. White's preliminary-injunction motion is an order directing Secretary Roberts to exercise his power as head of KDOC to "give[] [Mr. White] relief from" chronic pain by referring him to a "speciali[st]" physician to "diagnose and treat" his claimed leg and ankle injuries.  R. at 94–95. Stated otherwise, Mr. White asked the district court to remedy a perceived constitutional injury by ordering Secretary Roberts, as the official in charge of KDOC, to ensure that the course of medical treatment Mr. White considered appropriate was provided to him.  That purported constitutional injury implicates a § 1983 claim of deliberate indifference to Mr. White's serious medical needs in violation of the Eighth Amendment.  *See Boutwell v. Keating*, 399 F.3d 1203, 1208 (10th Cir. 2005) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life . . . ." (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973)) (internal quotation marks omitted)).

A movant seeking a preliminary injunction to remedy such an alleged constitutional violation must establish "four factors: (1) a likelihood of success on

7

the merits [of his described claim]; (2) a likelihood that [he] will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in [his] favor; and (4) that the injunction is in the public interest." *RoDa Drilling Co.*, 552 F.3d at 1208; *see Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The first of these factors—likelihood of success on the merits—resolves the instant appeal; accordingly, we confine our analysis to that issue. *Cf. Republican Party of N.M. v. King*, 741 F.3d 1089, 1092 (10th Cir. 2013) (resolving disposition of the injunction at the first step of our traditional test). Because we find it exceedingly *un*likely that Mr. White could prevail on the merits of his Eighth Amendment claim, we conclude that the first factor is not satisfied. Consequently, there was no legally cognizable predicate for the issuance of an injunction.

Based on the allegations in Mr. White's amended complaint, it is clear that his claimed physical injuries date back to March 1, 2013, when he was scheduled to begin serving fourteen days in administrative segregation for a disciplinary violation. By his own admission, Mr. White was forcibly removed from his cell after he refused two meals and dove under a bed to avoid the correctional officers entering his cell. He has said that an officer "grabbed [his] left leg" to extract him from underneath the bed, where he "was wedged in pretty tight[ly]." R. at 70.

8

Mr. White's amended complaint also states that no prison employee examined his leg and ankle when he visited the medical clinic after the cell extraction, and that he "ha[s] been unable to find out . . . who denied [him] medical care for" these ailments. *Id.* at 71. His allegations of physical injury otherwise bear on the purported failure of Secretary Roberts, as KDOC's principal administrator, to heed approximately twelve requests for pain relief—presumably by sending a physician Mr. White's way, or by directing prison employees to prescribe specific analgesics. Yet, Mr. White has averred, he *was* permitted to see "a nurse or nurse practitioner," and he received Tylenol and Meloxicam (i.e., another anti-inflammatory medication) to treat his pain. *Id.* at 79.

Absent from all of the foregoing averments is any identification by Mr. White of a KDOC employee who knowingly disregarded an excessive risk to his health. *See Farmer v. Brennan*, 511 U.S. 825, 845–46 (1994); *Blackmon v. Sutton*, 734 F.3d 1237, 1244 (10th Cir. 2013). That glaring deficiency forecloses him from enunciating a proper claim of Eighth Amendment deliberate indifference, which has a subjective component under which a plaintiff must show that an official (a) was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and (b) drew the inference. *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006) (internal quotation marks omitted).

Specifically, Mr. White's generalized allegations of dissatisfaction with the prison medical team's prescribed course of treatment—*viz.*, the nurses' and nurse

9

practitioners' dispensation of two anti-inflammatory medications for pain relief, and the fact that providers *other than* a pain-medicine physician examined him—do not signal a likelihood of success on the merits of an Eighth Amendment § 1983 claim. It is well-settled in this circuit that basic disagreements with medical professionals and complaints of failure to be referred to a specialist do *not* satisfy the subjective aspect of a deliberate-indifference claim. *See, e.g.*, *Self*, 439 F.3d at 1232; *Oxendine v. Kaplan*, 241 F.3d 1272, 1277 n.7 (10th Cir. 2001); *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992); *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980).

Likewise, binding § 1983 medical-care jurisprudence demonstrates that mere negligent treatment of Mr. White's alleged injuries by KDOC employees—which Mr. White may be asserting, under a reasonable construction of his amended complaint's averments—is insufficient to prove the state of mind that will give rise to a cognizable constitutional violation. *See Farmer*, 511 U.S. at 835; *Blackmon*, 734 F.3d at 1244–45. Consequently, because Mr. White's statements do not satisfy this mandatory subjective component of our deliberate-indifference test, it is apparent that they do not demonstrate a likelihood of success on the merits with regard to demonstrating a constitutional violation.

With no reasonable likelihood of prevailing on a claim that any KDOC employee had the requisite state of mind to constitute deliberate indifference, we cannot say that Mr. White has identified a true ongoing constitutional violation

10

upon which a preliminary injunction could be predicated. In other words, we find that Mr. White lacks any legal basis to demand that the district court order Secretary Roberts, acting on behalf of KDOC, to remedy the problem Mr. White perceives. And we therefore reiterate our view that, due to Mr. White's failure to satisfy the threshold element of our preliminary-injunction test, the district court's denial of injunctive relief was not infected by any clear legal error. It follows ineluctably that the court did not abuse its discretion; we therefore affirm.

## C

Turning to the additional requests lodged by Mr. White in this appeal, we note that his request for a COA is not properly before us. A COA *is* necessary when a litigant wishes to appeal from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A); *see Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) ("Before an appeal may be entertained, a prisoner *who was denied habeas relief* in the district court must first seek and obtain a COA . . . ." (emphasis added)). However, because Mr. White's case is not a habeas proceeding, it is not subject to the same COA constraints. We therefore dismiss his application because no COA is necessary for the determination of this appeal.

Finally, we address Mr. White's motion for leave to proceed IFP. We conclude that Mr. White has not offered any "*reasoned*, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*,

11

543 F.3d 624, 627 (10th Cir. 2008) (emphasis added) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)) (internal quotation marks omitted). As a result, we find that he is not entitled to IFP status on appeal and deny his motion.

## III

We **AFFIRM** the district court's denial of injunctive relief, **DISMISS** Mr. White's application for a COA, and **DENY** leave to proceed IFP. We remind Mr. White that he must continue making payments until the entire balance of his appellate filing fee is paid.

Entered for the Court

JEROME A. HOLMES
Circuit Judge